UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS EUGENE DUNHAM, § | | |
| TDCJ # 01850265, § | | |
| § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. 3:18-0179 | |
| § | | |
| LORIE DAVIS, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas Eugene Dunham, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition (Dkt. 1) for a federal writ of habeas corpus under 28 U.S.C. § 2254. After considering all of the pleadings and the applicable law as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **dismisses** this case for the reasons explained briefly below.

### I.   BACKGROUND

According to online, publicly available TDCJ records, Dunham is serving a forty-five year sentence for murder based on a 2013 sentence from Tarrant County. *See* TDCJ Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch (last visited June 28, 2018). Dunham's petition in this action does not challenge his conviction or sentence, nor any other state court judgment. Rather, he states in his petition that he challenges a "criminal terroristic threat, [assault] & 8th Amendment violations" (Dkt. 1, at 2). He seeks relief in excess of fifteen million dollars (*id*. at 7).

## II.     THE PETITION IS WITHOUT MERIT

Section 2254 authorizes a habeas petition on behalf of a person in custody pursuant to a state court judgment "*only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added); *see* 28 U.S.C. § 2241(c)(3).  In that respect, the federal habeas corpus statutes provide an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973) (clarifying the scope of federal habeas review).  "Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017).  *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus]" and must be pursued in a civil rights suit).

In his habeas petition, Dunham alleges "wrongful[] imprisonment of flesh and blood natural born man through fraudulent misrepresentation contrary to 8th A[mendment]," stating that his "same named Government Corporation . . . was tried in an admiralty due to the four cornered gold fringe (three sides) trim of martial law" (Dkt. 1, at 6). To the extent Dunham seeks habeas relief based on a "sovereign citizen" defense to jurisdiction, such theories have "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). *See U.S. v. Weast*, 811 F.3d 743, 746

& n. 5 (5th Cir. 2016); *Fletcher v. Davis*, 2018 WL 879272, at *3 (S.D. Tex. Feb. 14, 2018) (Atlas, J.). As such, they cannot serve as a basis for habeas corpus relief.

Dunham also alleges in his petition that his Eighth Amendment rights were violated when he was locked in a sealed room for two and a half hours; that he was subject to racial discrimination; and that he has suffered "retaliation over a federally protected right due to racism under color of law by 3 black officials" (Dkt. 1, at 6-7). Because none of these allegations challenge the "fact or duration" of his confinement, they are not actionable in a habeas corpus petition under Section 2254. *See Poree*, 866 F.3d at 242-43.

Having carefully examined Dunham's petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that Dunham is not entitled to habeas relief.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition (Dkt. 1) is **denied** and this case is **dismissed** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

2. A certificate of appealability is **denied**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of June, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge